## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **FAIRLIGHT INNOVATIONS LLC.** | **CASE NO.** _____ |
| **Plaintiff,** | |
| **v.** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **TCT MOBILE INTERNATIONAL LIMITED, TCL ELECTRONICS HOLDINGS LIMITED, TCL TECHNOLOGY GROUP CORPORATION, TCL COMMUNICATION LIMITED, AND TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Fairlight Innovations LLC ("Fairlight") hereby files this Complaint for Patent Infringement against Defendants TCT Mobile International Limited, TCL Electronics Holdings Limited, TCL Technology Group Corporation, TCL Communication Limited, and TCL Communication Technology Holdings Limited (collectively, "TCL" or "Defendants"), and hereby alleges, upon information and belief, as follows:

### NATURE OF THE ACTION

1.      This is a civil action for infringement of U.S. Patent Nos. 9,978,921 (the "'921 Patent") (attached as Ex. A); 8,686,395 (the "'395 Patent") (attached as Ex. B); 7,626,209 (the "'209 Patent") (attached as Ex. C); 8,237,181 (the "'181 Patent") (attached as Ex. D); and 8,637,895 (the "'895 Patent") (attached as Ex. E) (collectively, the "Asserted Patents"), arising

under the Patent Laws of the United States, 35 U.S.C. §§ 271, et seq.

2.      TCL infringes directly, literally and/or by the doctrine of equivalents by developing, making, using, selling, offering for sale, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing LED, QLED, and QD-MINI LED televisions or displays that incorporate the Asserted Patents (the "Accused Products") including at least the S2, S3, S4, S5, 3-Series, 4-Series, C8-Series, P6-Series, S-Series, Q-Class, Q5, Q6, Q7, QM7, QM8, and NXTFRAME products, and components thereof (e.g., backlight components).

3.      Fairlight seeks damages and other relief for TCL's infringement of the Asserted Patents.

## PARTIES

4.      Plaintiff Fairlight Innovations is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 510 and 511 N. Washington Avenue, Marshall, TX 75670.

5.      Upon information and belief, Defendant TCT Mobile International Limited is a corporation organized and existing under the laws of Hong Kong, SAR, China, with its principal place of business located at 1910-12A Tower 3, China Hong Kong City, 33 Canton Road, Tsim Sha Tsui, 31802888 Hong Kong, SAR, China, and may be served pursuant to the provisions of the Hague Convention. TCT is a leading manufacturer and seller of displays and televisions in the world and in the United States. Upon information and belief, TCT does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

6.      Upon information and belief, Defendant TCL Electronics Holdings Limited is a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business located at 5/F Building 22E, 22 Science Park East Avenue, Hong Kong Science Park,

Shatin, NT, Hong Kong, SAR, China and may be served pursuant to the provisions of the Hague Convention. TCL is a leading manufacturer and seller of displays and televisions in the world and in the United States. Upon information and belief, TCL does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

7.      Upon information and belief, Defendant TCL Technology Group Corporation is a corporation organized and existing under the laws of China, with its principal place of business located at TCL Tech Building, 17 Huifeng Third Road, Zhongkai Hi-Tech Development District, Huizhou City, Guangdong Province, China and may be served pursuant to the provisions of the Hague Convention. Defendant TCL Technology Group Corporation is a leading manufacturer and seller of displays and televisions in the world and in the United States. Upon information and belief, Defendant TCL Technology Group Corporation does business in Texas and in the Eastern District of Texas, directly or through intermediaries. Upon information and belief, Defendant TCL Technology Group Corporation owns the trademark "TCL" which is marked on each of the Accused Products (e.g., televisions and displays).

8.      Upon information and belief, Defendant TCL Communication Limited is a corporation organized and existing under the laws of Hong Kong, with its principal place of business located at 5/F Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, NT, Hong Kong, SAR, China, and may be served pursuant to the provisions of the Hague Convention. TCL is a leading manufacturer and seller of displays and televisions in the world and in the United States. Upon information and belief, TCL does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

9.      Upon information and belief, Defendant TCL Communication Technology Holdings Limited is a corporation organized and existing under the laws of China, with its principal

place of business located at TCL Communication Technology Building, Block F4, TCL International E City, Zhong Shan Yuan Road, Nanshan District, Shenzhen, 518052 P.R. China, and may be served pursuant to the provisions of the Hague Convention. TCL is a leading manufacturer and seller of displays and televisions in the world and in the United States. Upon information and belief, TCL does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION AND VENUE

10.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 1367.

11.      This Court has specific and personal jurisdiction over the Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute. Upon information and belief, the Defendants have sufficient minimum contacts with the forum because Defendants transact substantial business in the State of Texas and in this Judicial District. Further, the Defendants have, directly or through subsidiaries or intermediaries, committed and continue to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, as alleged more particularly below. For example, on information and belief, the Accused Products[1] are available for purchase in this Judicial District.

12.      Defendants have infringed and continue to infringe one or more of the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others

---

[1] The Accused Products include all LED, QLED, and QD-MINI LED televisions or displays, including at least the S2, S3, S4, S5, 3-Series, 4-Series, C8-Series, P6-Series, S-Series, Q-Class, Q5, Q6, Q7, QM7, QM8, and NXTFRAME products, and components thereof (e.g., backlight components).

to make, use, sell, offer to sell, and/or importing televisions and displays. For example, Defendants sell and offer to sell the Accused Products in the United States through online stores such as Amazon, Walmart, and https://www.tcl.com/us/en. Upon information and belief, Defendants sell and offer to sell the Accused Products directly to customers and end-users through their website, as well as through their stores on Amazon and Walmart.

13.    For further example, Defendants sell and offer to sell the Accused Products directly to customers and end-users in this District at the Walmart Supercenter in Marshall, Texas for in-store purchase. Just one instance of this is the TCL QLED television that is available at the Marshall Supercenter on Aisle N26.[2]



14.    Upon information and belief, Defendants are jointly responsible for the sale of the

---

[2] https://www.walmart.com/ip/TCL-Google-TV-55Q51K/14566603957?fulfillmentIntent=Pickup&filters=%5B%7B%22intent%22%3A%22fulfillmentIntent%22%2C%22values%22%3A%5B%22Pickup%22%5D%7D%5D&classType=REGULAR&athbdg=L1103&from=/search

Accused Products to customers in the United States, including through their store at www.tcl.com. For example, the TCL global privacy policy available on www.tcl.com and https://www.tcl.com/us/en/ (and which applies to all of its subdomains) is on behalf of "TCL and/or its affiliates and subsidiaries (collectively "TCL", "we", "us" or "our")." For example, upon information and belief, Defendants further sell and offer to sell the Accused Products directly to retailers and carriers in the United States, such as Walmart, Best Buy, Target, Micro Center, Costco, and the like. For example, upon information and belief, Defendants further sell and offer to sell the Accused Products to their own subsidiaries and sister entities in the United States, such as to TCT Mobile and TCL North America.

15.    For example, upon information and belief, Defendants sell and offer to sell the Accused Products in the United States, and track sales and growth of the Accused Products on a quarterly basis.

16.    For example, TCL's 2024 Annual Report describes Defendants as mainly involved in, among other things, the manufacture and sale of television sets and smart commercial display products, and all-category marketing.[3] Upon information and belief, Defendants further sell and offer to sell the Accused Products to customers in the United States through related intermediary entities, including those listed.

17.    For example, upon information and belief, Defendants import the Accused Products into the United States, including for at least the aforementioned sales, by paying for and arranging the shipment of the Accused Products into the United States, and specifying their destinations within the United States.

---

[3] TCL Electronics Holding Limited 2024 Annual Report at 144.

6

18.     For example, upon information and belief, Defendants use the Accused Products in the United States for demonstration, marketing, and to create tutorials and instructions, inducing those based on which end-users and other buyers are induced to infringe. For example, TCL regularly attends the CES conference in the United States where it demonstrates and markets its products including, upon information and belief, the accused Televisions.[4]

19.     On information and belief, Defendants have derived substantial revenue from infringing acts in this District, including from the sale and use of the Accused Products.

20.     In the alternative, this Court has personal jurisdiction over TCL pursuant to Federal Rule of Civil Procedure 4(k)(2). This is because: (a) the claims for patent infringement in this action are claims arising under federal law; (b) Defendants are not subject to the jurisdiction of any state's courts of general jurisdiction; and (c) exercising jurisdiction over Defendants is consistent with the U.S. Constitution.

21.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendants are foreign companies that may be sued in any Judicial District, including the Eastern District of Texas. The Defendants are subject to personal jurisdiction in this Judicial District and have committed acts of patent infringement in this Judicial District. On information and belief, the Defendants through their own acts and/or through the acts of each other Defendant, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one. Further, upon information and belief, the Defendants have admitted or not contested proper venue in this Judicial District in other

---

[4] https://www.tcl.com/westafrica/en/news/inspire-greatness-at-ces-2025

patent infringement actions.

## FACTUAL ALLEGATIONS

### C.    The Accused Patents

22.    The Asserted Patents are directed to systems, methods, and apparatuses related to light-emitting diodes ("LEDs"). The Asserted Patents claim patent eligible improvements to light-emitting diodes that are novel and not obvious in view of the prior art.

### The '921 Patent

23.    U.S. Patent No. 9,978,921 (the "'921 Patent") entitled "Light emitting device and method of manufacturing the same," was issued on May 22, 2018, and names Jae Joon Yoon as the inventor. A true and correct copy of the '921 Patent (and a certified Chinese-language translation version) is attached as Exhibit A.

24.    Fairlight owns all rights, title, and interest in the '921 Patent, and holds all substantial rights, including the right to sue and recover for all past, current, and future infringement.

25.    The '921 Patent generally relates to improving performance characteristics of light-emitting diode (LED) packages.

26.    The '921 Patent identifies various problems associated with then-conventional LED packages, including foreign materials (including moisture or air) accessing the LED chip (*see* Ex. A at 4:60-65, 14:15-22, 15:37-39), the package body forming a short-circuit with the package's electrodes (*id.* at 3:17-21), small electrode surface area resulting in poor heat dissipation (*id.* at 4:46-49, 8:28-33), and poor bonding strength between the electrodes and the package body (*e.g.*, *id.* at 13:14-16). The light-emitting device taught by the '921 Patent overcomes these problems by implementing a number of novel features in the LED package, including a protective cap between

multiple electrodes (*id.* at 1:60-61, 4:60-65), an insulating layer formed in the body (*id.* at 3:17-21), modifying the electrodes' dimensional configurations to result in greater surface area and device efficiency (*id.* at 4:46-49, 8:28-33), and implementing various "coupling" features that allow the package body and the electrodes to be more firmly secured in place (*e.g.*, *id.* at 12:21-26, 13:6-16, 13:32-40).

27.    The '921 Patent is valid and enforceable and directed to patentable subject matter. The claimed apparatuses are specific, technical solutions to identified problems in the art. The specification demonstrates that the inventors possessed the claimed subject matter. The specification enables one of ordinary skill to implement the invention without undue experimentation.

**The '395 Patent**

28.    U.S. Patent No. 8,686,395 (the "'395 Patent") entitled "Bond type flip-chip light-emitting structure and method of manufacturing the same," was issued on April 1, 2014, and names Liann-Be Chang, Chen Xu, Kun Xu, Yunyun Zhang, and How-Wen Chien as the inventors. A true and correct copy of the '395 Patent (and a certified Chinese-language translation version) is attached as Exhibit B.

29.    Fairlight owns all rights, title, and interest in the '395 Patent, and holds all substantial rights, including the right to sue and recover for all past, current, and future infringement.

30.    The '395 Patent generally relates to a bond type flip-chip light-emitting structure that has a larger contact area and thus greater heat dissipation capabilities than then-conventional light-emitting diode (LED) technology. *See* Ex. B at 1:8-14.

31.    The '395 Patent identified the problem of conventional LED technology at the time

of invention suffering from severe heat dissipation problems, which is correlated with the device having a low light radiation efficiency. Ex. B at 1:22-30. More specifically, then-conventional flip-chip LED packages used tin balls to connect the LED chip to a substrate; however, this process resulted in a small contact area to connect the chip and substrate and, thus, poor heat dissipation from the LED chip. *Id.* at 1:59-67. Shortcomings of conventional LED packaging at the time of invention also included an overly large negative electrode area (which resulted in poor device efficiency), complicated manufacturing, and high packaging costs. *Id.* at 2:7-12.

32.     The '395 Patent overcomes these problems by replacing the bonded tin balls with a bonded metal layer, thereby increasing the contact area between the LED chip and the substrate, and resulting in greater heat dissipation for the device. *See* Ex. B at 2:19-22. Further, the bonded metal layer taught by the '395 Patent features an electrode pattern that can be designed to reduce the area of the LED chip's negative electrode, thereby increasing the light-emitting area and improving the device's light-emitting efficiency. *Id.* at 5:56-62.

33.     The '395 Patent is valid and enforceable and directed to patentable subject matter. The claimed apparatuses are specific, technical solutions to identified problems in the art. The specification demonstrates that the inventors possessed the claimed subject matter. The specification enables one of ordinary skill to implement the invention without undue experimentation.

### The '209 Patent

34.     U.S. Patent No. 7,626,209 (the "'209 Patent") entitled "Light emitting diode having active region of multi quantum well structure," was issued on December 1, 2009, and names Dong Seon Lee and Eu Jin Hwang as the inventors. The '209 Patent is attached as Exhibit C.

35.     Fairlight owns all rights, title, and interest in the '209 Patent, and holds all

substantial rights, including the right to sue and recover for all past, current, and future infringement.

36. The '209 Patent generally relates to a light emitting diode ("LED") having an active region of a multi quantum well structure that includes relatively thick barrier layers and relatively thin barrier layers. Ex. C at Abstract.  The invention of the '209 Patent improves charge stability and the quality of emitted light by forming the active region of a multi quantum well structure with a plurality of relatively thick barrier layers and a plurality of relatively thin barrier layers. *Id.* at 3:43–52. The barrier layers having different thicknesses improve the resulting LED by allowing it to achieve "effective luminous characteristics." *Id.*

37. The '209 Patent is valid and enforceable and directed to patentable subject matter. The claimed apparatuses improve the functioning of LEDs by enabling effective light emission under different current conditions. The claimed apparatuses are specific, technical solutions to identified problems in the art. The specification demonstrates that the inventors possessed the claimed subject matter. The specification enables one of ordinary skill to implement the invention without undue experimentation.

### The '181 Patent

38. U.S. Patent No. 8,237,181 (the "'181 Patent"), entitled "Semiconductor light emitting device and method of manufacturing the same," was issued on August 7, 2012. It names Dae Sung Kang and Hyo Kun Son as the inventors. The '181 Patent is attached as Exhibit D.

39. Fairlight owns all rights, title, and interest in the '181 Patent, and holds all substantial rights, including the right to sue and recover for all past, current, and future infringement.

40. The '181 Patent generally relates to a light emitting diode ("LED") with a first

conductive type semiconductor layer, an active layer on the first conductive type semiconductor layer, and a second conductive type semiconductor layer on the active layer. Ex. D at 2:62–4:27. The LED disclosed by the '181 Patent features one or more thin insulating layers disposed in various locations throughout the semiconductor. *See id.* at 3:42–45, 5:3–22. The invention of the '181 Patent improves the quantum efficiency of the active region using thin insulating layers to diffuse holes throughout other semiconductor layers. *See id.* at 5:34–40.

41.     The '181 Patent is valid and enforceable and directed to patentable subject matter. The claimed apparatus improves the functioning of LEDs by improving the optical characteristics of the LEDs. The claimed apparatuses are specific, technical solutions to identified problems in the art. The specification demonstrates that the inventors possessed the claimed subject matter. The specification enables one of ordinary skill to implement the invention without undue experimentation.

**The '895 Patent**

42.     U.S. Patent No. 8,637,895 (the "'895 Patent"), entitled "Semiconductor light emitting device having a high resistive layer," was issued on January 28, 2014. It names Dae Sung Kang and Hyo Kun Son as the inventors. The '895 Patent is attached as Exhibit E.

43.     Fairlight owns all rights, title, and interest in the '895 Patent, and holds all substantial rights, including the right to sue and recover for all past, current, and future infringement.

44.     The '895 Patent generally relates to a light emitting diode ("LED") with a first conductive type semiconductor layer, an active layer on the first conductive type semiconductor layer, and a second conductive type semiconductor layer on the active layer, having a high resistive layer. Ex. E ('895 Patent) at 3:23–4:57. The LED disclosed by the '895 Patent features one or more

thin insulating layers disposed in various locations throughout the semiconductor. *See id.* at 3:66–4:3, 5:22–28. The invention of the '895 Patent improves the quantum efficiency of the active region using thin insulating layers to diffuse holes throughout other semiconductor layers. *See id.* at 5:63–6:2.

45.     The '895 Patent is valid and enforceable and directed to patentable subject matter. The claimed apparatus improves the functioning of LEDs by improving the optical characteristics of the LEDs. The claimed apparatuses are specific, technical solutions to identified problems in the art. The specification demonstrates that the inventors possessed the claimed subject matter. The specification enables one of ordinary skill to implement the invention without undue experimentation.

**Defendants' Infringement**

46.     As detailed below, each element of at least one claim of each of the Asserted Patents is literally present in Defendants' products, infrastructure, and/or services. To the extent that any element is not literally present, each such element is present under the doctrine of equivalents. Plaintiff's analysis below should not be taken as an admission that the preamble for any claim is limiting. While Plaintiff cites publicly available information, Plaintiff may rely on other forms of evidence to show infringement.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,978,921**

47.     Plaintiff incorporates the allegations of all foregoing paragraphs as if fully restated herein.

48.     Defendants have been and are now directly infringing and/or indirectly infringing the '921 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or

services, including at least the Accused Instrumentalities, and/or inducing others to do the same. Defendants derive revenue from the activities relating to the Accused Instrumentalities. As explained below, these are covered by one or more claims of the '921 Patent, including but not limited to Claim 1.

49.    Defendants are aware of the '921 Patent and their infringement of the '921 Patent at least as of the filing of this Complaint.

50.    The Accused Instrumentalities meet all the limitations of at least Claim 1 of the '921 Patent. A chart presenting a non-limiting example of Defendants' infringement of Claim 1 of the '921 Patent is attached to this Complaint as Exhibit F.

51.    On information and belief, TCL also actively, knowingly, and intentionally induces infringement of one or more claims of the '921 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States the Accused Instrumentalities. For example, Defendants' customers and end-users directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Accused Instrumentalities. Defendants induce this direct infringement through their affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Instrumentalities in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of Defendants' inducement, Defendants' customers and end-users use the Accused Instrumentalities in a way Defendants intend and they directly infringe the '921 Patent. Defendants perform these affirmative acts with the intent to cause infringing acts by others or, in the alternative, with the

14

belief that there was a high probability that others, including end-users, infringe the '921 Patent, but while remaining willfully blind to the infringement.

52.    Defendants' acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Defendants as a result of their wrongful acts in an amount subject to proof at trial.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,686,395

53.    Plaintiff incorporates the allegations of all foregoing paragraphs as if fully restated herein.

54.    Defendants have been and are now directly infringing and/or indirectly infringing the '395 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Instrumentalities, and/or inducing others to do the same. Defendants derive revenue from the activities relating to the Accused Instrumentalities. As explained below, these are covered by one or more claims of the '395 Patent, including but not limited to Claim 1.

55.    Defendants are aware of the '395 Patent and their infringement of the '395 Patent at least as of the filing of this Complaint.

56.    The Accused Instrumentalities meet all the limitations of at least Claim 1 of the '395 Patent. A chart presenting a non-limiting example of Defendants' infringement of Claim 1 of the '395 Patent is attached to this Complaint as Exhibit G.

57.    On information and belief, TCL also actively, knowingly, and intentionally induces infringement of one or more claims of the '395 Patent under 35 U.S.C. § 271(b) by actively

encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Instrumentalities. For example, Defendants' customers and end-users directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Accused Instrumentalities. Defendants induce this direct infringement through their affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Instrumentalities in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of Defendants' inducement, Defendants' customers and end-users use the Accused Instrumentalities in a way Defendants intend and they directly infringe the '395 Patent. Defendants perform these affirmative acts with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '395 Patent, but while remaining willfully blind to the infringement.

58.    Defendants' acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Defendants as a result of their wrongful acts in an amount subject to proof at trial.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,626,209

59.    Plaintiff incorporates the allegations of all foregoing paragraphs as if fully restated herein.

60.    Defendants have been and are now directly infringing and/or indirectly infringing the '209 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the

United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Instrumentalities, and/or inducing others to do the same. Defendants derive revenue from the activities relating to the Accused Instrumentalities. As explained below, these are covered by one or more claims of the '209 Patent, including but not limited to Claim 8.

61.    Defendants are aware of the '209 Patent and their infringement of the '209 Patent at least as of March 10, 2021, when they received a notice letter identifying the '209 Patent, a copy of which is attached hereto as Exhibit K. Defendants have also been aware of the '209 Patent and their infringement of the '209 Patent as least as of the filing of this Complaint.

62.    The Accused Instrumentalities meet all the limitations of at least Claim 8 of the '209 Patent. A chart presenting a non-limiting example of Defendants' infringement of Claim 8 of the '209 Patent is attached to this Complaint as Exhibit H.

63.    On information and belief, TCL also actively, knowingly, and intentionally induces infringement of one or more claims of the '209 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Instrumentalities. For example, Defendants' customers and end-users directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Accused Instrumentalities. Defendants induce this direct infringement through their affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Instrumentalities in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of

17

Defendants' inducement, Defendants' customers and end-users use the Accused Instrumentalities in a way Defendants intend and they directly infringe the '209 Patent. Defendants perform these affirmative acts with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '209 Patent, but while remaining willfully blind to the infringement.

64.     Defendants' acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Defendants as a result of their wrongful acts in an amount subject to proof at trial.

## COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,237,181

65.     Plaintiff incorporates the allegations of all foregoing paragraphs as if fully restated herein.

66.     Defendants have been and are now directly infringing and/or indirectly infringing the '181 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Instrumentalities, and/or inducing others to do the same. Defendants derive revenue from the activities relating to the Accused Instrumentalities. As explained below, these are covered by one or more claims of the '181 Patent, including but not limited to Claim 1.

67.     Defendants are aware of the '181 Patent and their infringement of the '181 Patent at least as of the filing of this Complaint.

68.     The Accused Instrumentalities meet all the limitations of at least Claim 1 of the '181 Patent. A chart presenting a non-limiting example of Defendants' infringement of Claim 1 of

18

the '181 Patent is attached to this Complaint as Exhibit I.

69.    On information and belief, TCL also actively, knowingly, and intentionally induces infringement of one or more claims of the '181 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Instrumentalities. For example, Defendants' customers and end-users directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Accused Instrumentalities. Defendants induce this direct infringement through their affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Instrumentalities in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of Defendants' inducement, Defendants' customers and end-users use the Accused Instrumentalities in a way Defendants intend and they directly infringe the '181 Patent. Defendants perform these affirmative acts with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '181 Patent, but while remaining willfully blind to the infringement.

70.    Defendants' acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Defendants as a result of their wrongful acts in an amount subject to proof at trial.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,637,895**

71.    Plaintiff incorporates the allegations of all foregoing paragraphs as if fully restated herein.

72.    Defendants have been and are now directly infringing and/or indirectly infringing the '895 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Instrumentalities, and/or inducing others to do the same. Defendants derive revenue from the activities relating to the Accused Instrumentalities. As explained below, these are covered by one or more claims of the '895 Patent, including but not limited to Claim 1.

73.    Defendants are aware of the '895 Patent and their infringement of the '895 Patent at least as of the filing of this Complaint.

74.    The Accused Instrumentalities meet all the limitations of at least Claim 1 of the '895 Patent. A chart presenting a non-limiting example of Defendants' infringement of Claim 1 of the '895 Patent is attached to this Complaint as Exhibit J.

75.    On information and belief, TCL also actively, knowingly, and intentionally induces infringement of one or more claims of the '895 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Instrumentalities. For example, Defendants' customers and end-users directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Accused Instrumentalities. Defendants induce this direct infringement through their affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Instrumentalities in an infringing manner, including technical

support, marketing, product manuals, advertisements, and online documentation. Because of Defendants' inducement, Defendants' customers and end-users use the Accused Instrumentalities in a way Defendants intend and they directly infringe the '895 Patent. Defendants perform these affirmative acts with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '895 Patent, but while remaining willfully blind to the infringement.

76.    Defendants' acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages sustained by Defendants as a result of their wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fairlight Innovations LLC respectfully asks this Court for an order granting the following relief:

a. A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '921, '395, '209, '181 and '895 Patents;

b. A judgment and order finding that Defendants' infringement has been willful;

c. A permanent injunction prohibiting Defendants from further acts of infringement;

d. A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and any enhanced damages to which Plaintiffs are entitled for Defendants' infringement;

e. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

f. A judgment and order finding this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Plaintiff their reasonable attorneys' fees against Defendants; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

Dated: January 8, 2026

<div style="margin-left:40%;">

*/s/ Kevin L. Burgess*
Kevin L. Burgess
Texas Bar No. 24006927
kburgess@mckoolsmith.com
Jennifer L. Truelove
Texas Bar No. 24012906
jtruelove@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Kaylee E. Hoffner
Texas Bar No. 24127036
khoffner@mckoolsmith.com
MCKOOL SMITH, P.C.
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

</div>

Brandon Merrill
Texas Bar No. 24144769
bmerrill@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1200
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

- and -

Makenna A. Miller
California Bar No. 329244 *(admitted in EDTX)*
mmiller@mckoolsmith.com
Clara Bourget
California Bar No. 356959 *(admitted in EDTX)*
cbourget@mckoolsmith.com
MCKOOL SMITH, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Telecopier: (213) 694-1234